UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| THERESA HANSEN, an individual,<br><br>Plaintiff,<br><br>v.<br><br>ALBERTSONS COMPANIES, LLC, a Delaware Limited Liability Company, DOES I through X; and ROE CORPORATIONS XI through XX, inclusive,<br><br>Defendants. | Case No. 2:19-cv-02050-JAD-EJY<br><br>**ORDER** |

Before the Court is Defendant's Motion to Strike Plaintiff's Uncomputed Special Damages (ECF No. 16). The Court has considered Defendant's Motion, Plaintiff's Opposition (ECF No. 23), and Defendant's Reply (ECF No. 28).

**I.     Background**

Defendant's Motion is based on several simple assertions including that, despite making a total of six disclosures pursuant to Federal Rule of Civil Procedure 26, Plaintiff never actually computed the special damages she is seeking. Defendant further states that Plaintiff's non-retained treating physician expert, Dr. Wu, was disclosed as intending to testify to Plaintiff's need for future care, but that his expert report does not include a calculation related to the cost of that care. Defendant argues that Rule 26(a)(1)(A) requires "a computation of each category of damages," and that Rule 37(c) of the Federal Rules of Civil Procedure "imposes a mandatory and self-executing exclusionary sanction for failure to timely disclose" this mandatory calculation "unless the failure to disclose is substantially justified and harmless." ECF No. 16 at 5-6. Defendant contends that Plaintiff had substantial time to make the disclosure required (more than 1.5 years), thus defying the notion that her failure was substantially justified. *Id.* at 7. Defendant also contends that Plaintiff's failure is not harmless because it will severely prejudice Defendant's "ability to defend against her claimed damages and constitute[s] a trial by ambush." *Id.* at 7. Defendant says that determining Plaintiff's damages from documents she disclosed does not cure Plaintiff's failure because it is

1

Plaintiff, not Defendant, who must calculate Plaintiff's damages, and Dr. Wu's report is silent as to future medical expenses. *Id*. at 7-8.

Plaintiff contends that she has provided sufficient information to calculate damages. Plaintiff points to: (1) her "medical specials" and medical records, with bills, included in her initial demand to Defendant (ECF No. 23 at 13); (2) her initial Request for Exemption from Arbitration in which she listed medical specials (*id.* at 18); (3) Dr. Wu's alleged estimate for future surgery (to which Plaintiff cites to Exhibit 3, 18 pages long, leaving the Court to presume she is referencing pages 24-25 of ECF No. 23 showing $12,875.00 for anticipated future medical care); (4) the fact that at the time the parties submitted their Rule 26(f) Stipulated Discovery Plan and Scheduling Order in this Court, "[t]hey incorporated disclosures that had been made in state court" (*id*. at 3); (5) Plaintiff's response to Defendant's Interrogatory No. 35 (*id*. at 117-18); and (6) Plaintiff's Second Supplemental Disclosures in which she included a calculation of lost earnings with backup (*id*. at 141-64).[1] Plaintiff says Defendant never asked for clarification of Plaintiff's damages or suggested it was missing damages information, and affirms Defendant took the depositions of Plaintiff and her experts. *Id*. at 3. Plaintiff concludes (after citing several cases) that she has adequately disclosed damages information, but, even if the Court concludes otherwise, the error was harmless. *Id*. at 5.

On Reply, Defendant argues that Plaintiff's attempt to shift a computation of damages to Albertson's is improper (ECF No. 28 at 4); Dr. Wu's expert report does not estimate the costs of Plaintiff's future medical treatment (*id*. at 6 citing Reply Ex. B); Plaintiff demonstrates neither justification nor harmlessness for her failure to provide a computation of her damages referencing three different calculation of special damages in Plaintiff's Opposition (*id*. at 9 citing ECF No. 23 at 13, 25, and 118) thereby precluding Defendant from being able to reasonably determine the amount

---

[1] Plaintiff is reminded that the Court is not a pig searching for truffles in the forest. *U–Haul Co. of Nevada, Inc. v. Gregory J. Kamer, Ltd.*, Case No. 2:12–CV–00231, 2013 WL 4505800, at *2 (D. Nev. Aug. 21, 2013) (internal citation omitted) ("[T]he Court reminds the parties that the burden of representation lies upon them, and not upon the Court. Whether it is the familiar 'pigs hunting for truffles' metaphor or the 'spaghetti approach,' the idea that the Court will not perform the work of representing the parties is clear."); *Agarwal v. Oregon Mut. Ins. Co.*, Case No. 2:11–cv–01384, at *3, 2013 WL 211093 (D. Nev. Jan. 18, 2013) (internal citation omitted) ("[I]t is not the responsibility of the judiciary to sift through scattered papers in order to manufacture arguments for the parties."). Plaintiff did not file her Opposition to Defendant's Motion in a PDF searchable format despite the document's 180 page length. Plaintiff also did not separate exhibits or provide an index to exhibits. These requirements are not suggestions, but rules. Local Rules IA 10-3; IC 2-2. Counsel is reminded to follow these Rules in this case and all others going forward.

of damages Plaintiff is seeking (*id.* at 8-9); and, Plaintiff claims she continues to accrue expenses leaving damages uncertain (*id.* at 9 citing ECF No. 23 at 118). Defendant concludes this uncertainty is not harmless as Defendant will first find out at trial how much Plaintiff is actually claiming in damages. *Id.* at 9.

## II. Discussion

### A. There was no violation of local rules requiring parties to meet and confer.

Despite Plaintiff's contention to the contrary, clearly established law holds that Defendant was not required to conduct a meet and confer conference before moving for sanctions under Rule 37(c)(1). *Hoffman v. Construction Protective Servs., Inc.*, 541 F.3d 1175, 1179 (9th Cir. 2008); *see also Greene v. Alan Waxler Group Charter Servs., LLC*, Case No. 2:09–cv–00748-JCM-NJK, 2014 WL 1089667, at *2 n.5 (D. Nev. Mar. 18, 2014) (collecting cases). Hence, Plaintiff's argument seeking a denial of Defendant's Motion to Strike on this basis fails.

### B. Plaintiff adequately disclosed calculations of past medical expenses, future medical expenses, and actual lost wages as required by law.

Ninth Circuit law establishes that Federal Rule of Civil Procedure 26(a)(1)(A) requires all parties to a dispute to provide initial disclosures to the opposing parties without waiting for discovery requests. For those parties claiming damages, these disclosures must include a computation of each category of damages claimed by the disclosing party. Fed. R. Civ. P. 26(a)(1)(A)(iii). The purpose of the initial disclosure requirements includes putting parties on notice of the factual and legal contentions of the opposing party (*Ollier v. Sweetwater Union High School Dist.*, 768 F.3d 843, 862-62 (9th Cir. 2014)), as well as accelerating the exchange of information and assisting parties in focusing and prioritizing their organization of discovery. *R&R Sails, Inc. v. Insurance Co. of Penn.*, 673 F.3d 1240, 1246 (9th Cir. 2012). While Rule 26 does not identify a level of specificity required in an initial damages disclosure, "[t]he level of specificity … varies depending on the stage of litigation and the claims at issue." *Silvagni v. Mal-Mart Stores, Inc.*, 320 F.R.D. 237, 240 (D. Nev. 2017) (internal citation omitted). Courts must enforce these disclosure requirements, but must do so using "common sense" keeping in mind the purpose that the Rules are intended to accomplish. *Jackson v. United Artists Theatre Circuit, Inc.*, 278 F.R.D. 586, 592 (D. Nev. 2011).

3

Rule 26(e)(1) requires parties making initial disclosures to supplement or correct disclosures in a timely manner "if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and that the additional or corrective information has not otherwise been known to the other parties during the discovery process or in writing." Fed. R. Civ. P. 26(e)(1). The requirement to supplement is a duty, not a right. *Luke v. Family Care & Urgent Med. Clinics*, 323 Fed. App'x 496, 500 (9th Cir. 2009). With respect to the computation of damages, this need not "be detailed early in the case before all relevant documents or evidence has been obtained by the plaintiff." *LT Game Int'l Ltd. v. Shuffle Master, Inc.*, 2013 WL 321659, *6 (D. Nev. Jan. 28, 2013)). Generally, the initial damages computation is viewed as a preliminary assessment that is subject to revision. *City & County of San Francisco v. Tutor-Saliba*, 218 F.R.D. 219, 222 (N.D. Cal. 2003).

When a party believes its opponent has failed to timely comply with the requirements of disclosure, that party may move for sanctions under Rule 37(c). Rule 37 "gives teeth" to the disclosure requirements of Rule 26(e). *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001). The moving party bears the initial burden of establishing that the opposing party failed to comply with the disclosure requirements. *Silvgani*, 320 F.R.D. at 241-242. If the movant satisfies its burden, the Court may exercise its discretion to determine whether the failure to comply with the initial disclosure requirements was either substantially justified or harmless. *Id.*; *see also* Fed. R. Civ. P. 37(c)(1) ("[i]f a party fails to provide information ... as required by 26(a) or (e), the party is not allowed to use that information ... at a trial, unless the failure was substantially justified or is harmless"). The burden to demonstrate substantial justification or harmlessness belongs to the non-moving party. *Torres v. City of Los Angeles*, 584 F.3d 1197, 1213 (9th Cir. 2008). District courts are entrusted with wide latitude when exercising their discretion to impose Rule 37(c) sanctions. *Yeti by Molly, Ltd.*, 259 F.3d at 1106.

When deciding whether to impose sanctions to exclude disclosures, the Court considers various factors including (1) the public's interest in expeditious resolution of litigation, (2) the Court's need to manage its docket, (3) the risk of prejudice to the other parties, (4) the public policy favoring disposition of cases on their merits, and (5) the availability of less drastic sanctions. *Lanard Toys Ltd. v. Novelty, Inc.*, 375 Fed. App'x 705, 713 (9th Cir. 2010). When an exclusion sanction is

equivalent to dismissing a claim, the court must also consider whether the non-compliance involved willfulness, fault, or bad faith. *R&R Sails, Inc.*, 673 F.3d at 1247. Nonetheless, a finding of willfulness, fault, or bad faith is not required, although it may be a factor in deciding what level of sanctions to impose. *Jackson*, 278 F.R.D. at 594.

Despite the above, the law does not require evidence exclusion even if substantial justification or harmlessness is found. *Id.* Rule 37(c) permits the Court to impose other sanctions in addition to or instead of exclusion sanctions including, for example, payment of attorneys' fees and costs or informing the jury of the party's failure. Fed. R. Civ. P. 37(c)(1)(A)-(C). Because exclusion is a harsh sanction, it should be imposed only in rare instances. *Silvgani*, 320 F.R.D. at 243.

In this case, it is inaccurate to contend Plaintiff failed to disclose past medical expenses or documents supporting claims for the same. While the calculation of Plaintiff's past medical treatment varies slightly from a low of $18,351.81 (ECF No. 23 at 13) to a high of $20,785.02 (*id*. at 24), the records pertaining to these damages were timely disclosed (*id*. at 125-126 (Plaintiff's Second Supplemental List of Witnesses and Documents summarizing medical records produced)) allowing Defendant to review and reasonably calculate medical expenses to date. The difference between Plaintiff's low and high damages claims for past medical treatment is not great and not so difficult to suggest this is a lawful basis to strike these damages. The difference between the two numbers is $2,433.21. In the context of this case, in which Plaintiff claims substantial pain and suffering, this difference is *de minimus*. Further, the numbers and documents have clearly been disclosed and, therefore, will not come as a surprise to Defendant. Plaintiff can easily cure the problem arising from slightly different numbers by issuing a final supplement to her Rule 26 disclosures identifying the number she intends to present at trial. There will be no disruption to a trial and there is no evidence of bad faith or willfulness with respect to Plaintiff's disclosure of past medical expenses. Applying these factors, as identified in *Silvagni*, 320 F.R.D. at 242 (internal citation omitted), the Court finds that a presentation of past medical expense damages would not amount to a "trial by ambush" as Defendant claims.

Similarly, Plaintiff provides a specific amount of wage loss ($1,556.75) together with supporting documentation. *Id*. at 141-164. This amount has not varied and is clearly sufficiently supported to allow introduction of this portion of Plaintiff's damages claim. *Silvagni*, 320 F.R.D. at 240 (internal citation omitted).

In sum, with respect to past medical damages and lost wages, there is no doubt that Plaintiff has done more than merely provide a lump sum number. Plaintiff timely disclosed sufficiently specific information to allow Defendant to calculate these damages claimed against it. 6-26 Moore's Federal Practice-Civil § 26.22[4][c][iii] (plaintiff must disclose "the best information available to" support her damages claim). There is no basis to strike these damages as they are neither uncomputed nor inadequately supported with documents on which the damages are based. *Kaminski-Albright v. Sunbeam Products, Inc.*, Case No. 2:17-cv-06360, 2018 WL 5274565, at * 1 (C.D. Cal. Aug. 2, 2018) (internal citation omitted) ("Plaintiff must … disclose in sufficient detail the method and supporting documents used to calculate her claimed medical expense damages").

With respect to future medical expenses, Plaintiff's settlement demand did not include a future damages estimate. ECF 23 at 14. However, in Plaintiff's second Motion to Remove Case from Arbitration and Short Trial Program, filed in state court, Plaintiff claimed $12,875.00 in future damages, which she supported with documents. *Id*. at 22-26 and 30-31. Importantly, Defendant included this number in its calculations when arguing for the second time in favor of removal to federal court based on diversity jurisdiction. *Id*. at 52, 74-75, and 80-81; *see also id*. at 173-180. Thus, Defendant clearly had notice of Plaintiff's estimate of future medical expenses from Dr. Wu. *Id*. While it is possible that this number could vary before trial, and it is not included in Dr. Wu's expert report, the $12,875.00 estimate of future medical expenses was sufficiently disclosed by Plaintiff to allow this estimate to be presented at trial. *Silvagni*, 320 F.R.D. at 241 (future damages "may not be static" and the issue is not whether an initial disclosure was accurate, but "[t]o the extent it becomes clear based on new circumstances that the damages computation is incorrect or incomplete, the plaintiff has a duty to supplement the initial damages computation"); *Tutor-Saliba Corp.*, 218 F.R.D. at 221 (Plaintiff's disclosures are sufficiently complete at this time to fulfill the purpose of providing an assessment of damages "so as to enable ... Defendant[ ] ... to understand the

contours of its potential exposure and make informed decisions as to settlement and discovery"). Even a disclosure made after the close of discovery may not be improper. *Silvagni*, 320 F.R.D. at 241. Thus, with respect to future medical damages, the amount revealed to Defendant, $12,875.00, is not struck. Plaintiff expresses no intent to supplement this amount in her Opposition; hence, the Court need not reach the issue of whether a supplementation of the disclosed amount is proper.

      C.    <u>Plaintiff provided no documents or computation regarding future lost earning capacity; therefore, these damages are properly struck</u>.

Unlike other categories of Plaintiff's damages, Plaintiff provides no calculation or documentation supporting lost future earning capacity. Defendant's First Set of Interrogatories, Interrogatory No. 34, asked Plaintiff if she was claiming any loss of past or future earnings as damages. ECF No. 23 at 117. In subsections "a" and "b" of this Interrogatory, Defendant asked Plaintiff to provide the dates during which she was unable to work and the total amount Plaintiff claims to have lost as a result of absences. *Id*. In subsections "c," "d," and "e" of this Interrogatory Defendant asks Plaintiff to provide the nature of her employment, the name and address of her employer, and her earnings. *Id*. In response to subsections "a" and "b" of Interrogatory No. 34, Plaintiff stated she was "unsure" and would "supplement" the response at a later time. *Id*. Plaintiff responded to sections "c," "d," and "e" with her job title, the name of her employer, and her annual salary. *Id*.

Plaintiff, who attached more than 150 pages of documents to her Opposition, did not attach a supplement to her Interrogatory Responses. Plaintiff's settlement demand did not mention lost wages at all. *Id*. at 10-14. Plaintiff's second Motion to Remove Case from Arbitration and Short Trial Program, filed in State Court, provides an amount of lost wages to date ($1,556.75), but is silent as to future lost wages. *Id*. 22-26. In sum, the only amount of lost wages Plaintiff appears to have claimed in any of the numerous documents provided to the Court are past lost wages in the amount of $1,556.75. Plaintiff's silence with respect to any future lost earning capacity, over numerous months and supplements to her Rule 26 disclosures, can only be excused if substantially justified or harmless.

7

As stated above, it is Plaintiff's burden to demonstrate substantial justification or harmlessness. *Torres*, 548 F.3d at 1213. To this end, Plaintiff's six page Opposition to Defendant's Motion (ECF No. 23) is silent as to future lost earnings capacity. Pursuant to United States District Court for the District of Nevada Local Rule 7-2(d), "[t]he failure of an opposing party to file points and authorities in response to any motion … constitutes a consent to the granting of the motion." The failure-to-oppose rule applies equally to specific arguments made in moving papers. *Duensing v. Gilbert*, Case No. 2:11-cv-01747-GMN-VCF, 2013 WL 1316890, at *5 n.3 (D. Nev. Mar. 1, 2013). Thus, Plaintiff has not met her burden of demonstrating substantial justification or harmlessness and, Plaintiff shall not be entitled to present evidence of future lost earning capacity at trial.

### III.   Order

IT IS HEREBY ORDERED that Defendant's Motion to Strike Plaintiff's Uncomputed Special Damages (ECF No. 16) is GRANTED in part and DENIED in part.

IT IS FURTHER ORDERED that Defendant's Motion to Strike is denied with respect to Plaintiff's past medical expenses, future medical expenses in the amount of $12,875.00, and lost wages in the amount of $1,556.75.

IT IS FURTHER ORDERED that Plaintiff shall supplement her Rule 26 disclosures within ten (10) court days of the date of this Order showing the exact amount of past medical expenses she claims, citing the documents supporting the amount.

IT IS FURTHER ORDERED that Defendant's Motion to Strike is granted with respect to Plaintiff's claim for future lost earning capacity.

Dated this 28th day of December, 2020

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE